STEVEN M. KIPPERMAN and STEPHANIE KIPPERMAN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kipperman v. Commissioner
Docket No. 10729-75.
United States Tax Court
T.C. Memo 1977-32; 1977 Tax Ct. Memo LEXIS 410; 36 T.C.M. (CCH) 146; T.C.M. (RIA) 770032; February 7, 1977, Filed *410 Petitioner and Silber, another lawyer with whom he shared office space, each owned undivided one-half interests in law books and office furnishings used by them in their practice. Petitioner formed a law partnership with two other individuals, each owning a one-third interest in the capital and income of the partnership. Petitioner sold his one-half interest in the books and furnishings to the partnership, which then made an agreement with Silber for division of the jointly held property. Held, the books and furnishings in the hands of the partnership qualified as used section 38 property under sec. 48(c), I.R.C. 1954, for purposes of the investment credit. Edward A. Moradian,53 T.C. 207 (1969), followed. Henry Hill, for the petitioners. Thomas F. Kelly, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for 1973 in the amount of $182.77 based on the disallowance of part of the investment credit claimed on petitioners' tax return for 1973. Petitioners filed a timely petition which was answered by respondent. Petitioners then filed a motion for summary judgment attached to which was an affidavit of Steven *411 M. Kipperman establishing the facts relative to the legal issue involved. After a hearing at which oral argument was heard from both parties, petitioner Steven Kipperman filed a supplemental affidavit to clear up uncertain facts. Respondent did not file counter affidavits. There are now no disputed facts relative and material to the legal issue, so the Court will proceed to consider petitioners' motion for summary judgment. Rule 121, Rules of Practice and Procedure, United States Tax Court. The facts so established are as follows: Petitioners are husband and wife who resided in San Francisco, Calif., at the time the petition herein was filed. Petitioners filed a joint income tax return for the year 1973 with the Internal Revenue Service at Fresno, Calif. Stephanie Kipperman is a party herein only because of the joint return, and we will hereinafter refer to Steven M. Kipperman as petitioner. From January 1971 until June 1973, petitioner practiced law as a sole proprietor in San Francisco and shared office space with another attorney, Michael D. Silber (Silber). During this period petitioner and Silber purchased certain personal property, primarily law books and some office *412 furniture, which they both used in their businesses and in which they held title as tenants in common, each owning an undivided one-half interest therein. In early 1973, petitioner informally agreed with two other attorneys then employed in San Francisco, Joel A. Shawn and John W. Keker (neither of whom was related to petitioner or one another), to form a partnership with them for the practice of law. It was agreed that the partnership would procure and occupy office space other than that shared by petitioner and Silber. In June 1973 the partnership of Kipperman, Shawn & Keker (KSK or partnership) was formed by written agreement which provided that each partner was to own an equal interest (i.e., a one-third interest) in the capital and income of the partnership. Contemporaneously with the execution of the partnership agreement, KSK, as purchaser, and petitioner, as seller, entered into a written agreement for the purchase and sale of petitioner's undivided one-half interest in the personal property owned jointly with Silber together with some additional personal property, used by petitioner in his business, and owned by him individually. The agreement called for a total purchase *413 price of $7,346.80 payable in installments with annual interest of 7 percent payable on the unpaid balance. Shortly after execution of the purchase and sale agreement, KSK entered into an agreement with Silber with respect to the property which was then owned by KSK and Silber as tenants in common (after KSK purchased petitioner's undivided one-half interest therein). This agreement provided for the sale by KSK of its interest in "ASSETS OTHER THAN BOOKS" (generally office furnishings) to Silber for cash of $600. Additionally, the agreement provided that the remaining items of jointly-owned property, "books," were divided between the parties in the manner indicated on a schedule attached to said agreement. [1] *414 Pursuant to this agreement between KSK and Silber, bills of sale evidencing the transfers of property reflected in said agreement were executed by Silber and KSK. Subsequently, the property owned solely by Silber was used exclusively by him in his business and the property owned by KSK was used exclusively in its business. In 1973 petitioner reported the recapture of the full investment credits on the assets previously owned by petitioner and acquired by KSK. For the year 1973, petitioners claimed an investment credit under section 38, I.R.C. 1954, [2] in the amount of $516.80.This amount was 7 percent [3]of petitioner's share of the qualified investment in new and used section 38 property claimed by KSK for 1973. See generally secs. 38, 46(a), 46(c)(1)(A) and (B), and 48(b) and (c), respectively. Respondent determined that the partnership's investment in used property (i.e., the property KSK acquired from petitioner) did not qualify for the investment credit for the stated reason that the property did not qualify under section 48(c) since it was acquired by the partnership from one of the partners who had used it prior to the partnership acquisition. The *415 only issue for decision is whether the property formerly owned in part and used by petitioner in his practice of law qualifies as used section 38 property as defined in section 48 for purposes of the investment credit. Petitioner relies on two previous decisions of this Court, Edward A. Moradian,53 T.C. 207 (1969), and Joseph L. Holloman,T.C. Memo. 1975-309, as being dispositive of the issue in his favor. Relying on section 1.48-3(a) (2)(ii), Income Tax Regs., and congressional committee reports, respondent argues that the Moradian and Holloman cases were wrongly decided; also that they are factually distinguishable from the case at bar. We agree with and find for petitioner. The statutory provisions governing the investment credit are sections 38 and 46-50. Section 38(a)[4] merely provides that a credit against tax liability shall be allowed in the amount determined under sections 46-50. Section 46(a), [5] *417 as pertinent herein, provides that the amount of the credit shall be 7 percent of the "qualified investment." This latter term is defined in subsection (c) to include a percentage (the amount of which depends on the useful life of the property) of the basis of "new section 38 *416 property" plus the cost of "used section 38 property." The statutory definition of "section 38 property" is contained in section 48(a)[6] and includes tangible personal property. Subsections (b) [7] and (c) [8] *418 of section 48 further refine the meaning of "new" and "used" section 38 property for purposes of the investment credit. In order to be eligible for the credit as "used section 38 property" said property must be purchased after December 31, 1961. Moreover, the statute specifically excludes certain property from treatment as "used section 38 property." Property shall not be treated as "used section 38 property" if, after its acquisition by the taxpayer, it is used by a person who used such property before such acquisition (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition). Respondent contends that petitioner is not entitled to any investment credit with respect to the used property acquired by KSK from him because petitioner used the property both before and after the acquisition by KSK and thus said property is precluded from treatment as used section 38 property by the language of section 48(c)(1). The underlying premise for respondent's position is that use of property by a partnership constitutes use by the individual partners; this premise was promulgated by respondent and is contained in section 1.48-3(a)(2)(ii), Income Tax Regs. However, this very issue and the propriety of respondent's regulation has twice been considered by this Court in the cases of Edward A. Moradian, and Joseph L. Holloman, both supra. In both of these cases we examined section 48(c)(1) and found that it contained two limitations (aside from the requisite acquisition date) to the treatment *419 of otherwise qualified used property as "used section 38 property." The second limitation is contained in the parenthetical portion of the subsection and is not at issue in this proceeding. The first limitation is that upon which respondent relies herein, the exclusion from the statutory definition of "used section 38 property" of property which is used after its acquisition "by a person who used such property before such acquisition" (emphasis added). In Edward A. Moradian,supra at 210-211, we found against respondent and specifically held section 1.48-3(a)(2)(ii), Income Tax Regs., invalid as contrary to the intent of Congress as expressed in the statute (sec. 48(c)(1)) and committee reports; and subsequently in Joseph L. Holloman,supra, we again rejected respondent's arguments and regulation. After an examination of the present facts, we conclude this case is controlled by our aforedescribed opinions and consequently hold for petitioners. Respondent tries desperately to distinguish the facts of this case from Moradian and Holloman.To that end he points out that the petitioner herein had both the use and the ownership of the concerned property before and after the pertinent *420 acquisition whereas the petitioner in Moradian had neither the use nor ownership of the property before the acquisition, and in Holloman the petitioner had the use but not ownership prior to the acquisition. However, the crux of our two prior holdings and the conclusions which necessitated our finding respondent's regulation invalid was that a partnership is to be considered an entity for purposes of section 48(c). See Edward A. Moradian,supra at 212, and Joseph L. Holloman,supra (33 TCM pp. 1356-7). Consequently, in a case such as the one at bar where property, in a case such as the one at bar where property, after it is acquired, is used solely in a trade or business conducted by a partnership, the term "person" used in section 48(c) refers to the entity of the partnership itself (see sec. 7701(a)(1)) and not to the aggregate of the individual partners as contemplated by section 1.48-3(a)(2)(ii), Income Tax Regs.The used section 38 property here involved was owned and used by the partnership, a different entity than the person, petitioner individually, who in part owned and used the property before the acquisition by the partnership. All of respondent's legal arguments have been *421 considered by this Court in the Moradian and Holloman cases, as is demonstratively apparent when reviewing the dissenting opinions in Moradian as well as the Court's opinions in both of those cases. Thus, whatever factual distinctions may be properly drawn between this case and those of Moradian and Holloman are of no legal significance. [9] A contrary finding would require a change in our twicestated previous position, something we will not undertake at this time. Accordingly, petitioners' motion for summary judgment is granted. An appropriate order will be entered. Footnotes
1. Technically the parties exchanged their undivided interests in certain books in return for the undivided interest of the other party in the remainder of the books.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated. ↩
3. During the year at issue the amount of the allowable investment credit was generally limited to 7 percent of the qualified investment. As of March 29, 1975, the percentage limited was increased to 10 percent. P.L. 94-12, sec. 301(a).↩
4. SEC. 38. INVESTMENT IN CERTAIN DEPRECIABLE PROPERTY. (a) General Rule. -- There shall be allowed, as a credit against the tax imposed by this chapter, the amount determined under subpart B of this part. ↩
5. SEC. 46. AMOUNT OF CREDIT.
(a) Determination of Amount. -- (1) General rule. -- The amount of the credit allowed by section 38↩ for the taxable year shall be equal to 7 percent of the qualified investment (as defined in subsection (c)). 6. SEC. 48. DEFINITIONS: SPECIAL RULES. (a) Section 38 Property. -- (1) In general. -- Except as provided in this subsection, the term "section 38 property" means-- (A) tangible personal property, or * * *
. Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable and having a useful life (determined as of the time such property is placed in service) of 3 years or more. ↩
7. (b) New Section 38 Property. -- For purposes of this subpart, the term "new section 38 property" means section 38 property-- (1) the construction, reconstruction, or erection of which is completed by the taxpayer after December 31, 1961, or (2) acquired after December 31, 1961, if the original use of such property commences with the taxpayer and commences after such date. ↩
8. (c) Used Section 38 Property. -- (1) In general. -- For purposes of this subpart, the term "used section 38 property" means section 38 property acquired by purchase after December 31, 1961, which is not new section 38 property. Property shall not be treated as "used section 38↩ property" if, after its acquisition by the taxpayer, it is used by a person who used such property before such acquisition (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition).
9. On brief respondent makes certain other attempts to distinguish the present set of facts from those previously considered by this Court. However, aside from the dubious validity of such alleged differences, due to our previous holdings as discussed in the text above, we see no need to consider them herein.↩